# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

---

Michael A. Puls,
     Plaintiff

   vs                                         Case No. C-1-03cv705
                                                  (Hogan, M.J.)

City of Cincinnati,
     Defendant

---

## ORDER

---

     This matter is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 7), Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 30), and Plaintiff's Reply thereto (Doc. 33); Defendant's Motion for Summary Judgment (Doc. 29), Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. 37)[1]; and Defendant's Reply thereto (Doc. 34). The parties have consented to final disposition of this case by the undersigned United States Magistrate Judge. (Doc. 12).

## BACKGROUND

     Plaintiff brings this action, pro se, alleging employment discrimination based upon race and retaliation in violation of Title VII, 42 U.S.C. § 2000e-5(f)(1).

---

[1] On December 30, 2004, Plaintiff served upon Defendant a copy of this memorandum wherein he states that he mailed a copy of same by ordinary mail to the United States District Court. However, whether received or not, no such memorandum was filed or docketed in this matter. On April 18, 2005, Defendant provided a copy of Plaintiff's memorandum to the Court whereupon it was properly filed and docketed.

Plaintiff is a firefighter for Defendant, the City of Cincinnati and has held this position since 1975, with the exception of a brief layoff from 1976 to 1978. In 1989, he was promoted to the rank of Lieutenant at which rank he remains today. (Deposition of Michael A. Puls, at p. 9).

In February of 2001, the Labor-Management Agreement was revised such that certain Engine Companies were designated as Paramedic-Engine Companies. Pursuant to this revision, officers assigned to these newly designated companies must either be certified paramedics or must enroll in paramedic training by March 1, 2001, in order to be permitted to remain in such companies. In September and December 2001, Plaintiff was transferred from his current Paramedic/Engine Company, Engine Company 17, to another engine company after voluntarily withdrawing from Paramedic School. Plaintiff successfully filed a grievance with respect to this transfer and returned to his prior position on November 17, 2002. At that time he was replaced by a certified Paramedic, a Caucasian male. (Puls Dep. at p. 28). The basis of the arbitration decision was that Plaintiff was entitled to submit his objection to his transfer to the Administrative Transfer Review Board (Puls Dep. at p. 15). Thereafter, an administrative transfer was made in December 2002 and affirmed on appeal by the Administrative Review Board. (Doc. 1, at ¶1).

Plaintiff had been permitted to remain in Engine Company 17 while enrolled in paramedic training but voluntarily withdrew from training and did not re-apply. (Puls Dep. at pp. 25-26, 27).[2] Pursuant to the Administrative transfer, Plaintiff was sent to District 4 as a "traveler." A traveler works as a substitute when a regular officer is off due to illness, vacation or other reasons. (Puls Dep. at 30). In early 2003, Plaintiff was transferred to District 2 on the western side of Cincinnati where Plaintiff grew up and with which he was most familiar. (Puls Dep. at 34). Thereafter, in January 2003, Plaintiff suffered a Workers' Compensation injury to his knees and was placed on limited duty status starting January 29, 2003. To date, Plaintiff remains on limited duty status. Plaintiff has also suffered no loss of pay or benefits. (Puls Dep. at p.64).

The nature of Plaintiff's knee condition was contested by the City's Risk Management Department. (Id.). However, a meniscus condition in his left knee

---

[2] Plaintiff argues that he expressed a desire to re-enter paramedic training but was not permitted to do so pursuant to a Departmental Notice dated December 5, 2002 (Doc. 33, Exh. 1, p. 15).

2

was later recognized and Plaintiff underwent surgery in June of 2003. Further surgery to his left knee involving a total knee replacement was scheduled for December 6, 2004. (Id. at p. 68). The right knee is awaiting resolution of an additional condition of medial meniscus.

On May 1, 2003, Plaintiff filed a charge of discrimination with the EEOC alleging that less qualified minority employees were not transferred as he was. (Doc. 1, Plaintiff's Complaint, EEOC Charge, attached). He contends that he was to be placed in the least desirable position available and that his transfer was based on race and in retaliation for his grieving previous transfers.

## OPINION

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352

(6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

<u>Plaintiff has Failed to Establish a Prima Facie Case of Race Discrimination</u>

In passing Title VII, Congress determined that sex, race, religion, and national origin are not relevant to the selection, evaluation, or compensation of employees. *Price Waterhouse v. Hopkins*, 57 U.S.L.W. 4469, 4472 (1989). "The principal focus of [Title VII] is the protection of the individual employee, rather than the protection of the minority group as a whole." *Connecticut v. Teal*, 457 U.S. 440, 453-54 (1982).

Plaintiff's claims are those of disparate treatment based upon his race. In such a case, Plaintiff has the burden of proving unlawful discrimination because of race. Proof of discriminatory intent is crucial. *Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc.*, 690 F.2d 88, 92 (6th Cir. 1982); *Chrisner v. Complete Auto Transit, Inc.*, 645 F.2d 1251, 1257 (6th Cir. 1981). Because of the difficulty of proving discriminatory motive, the Supreme Court has made available a special order of proof in employment discrimination cases, the initial stage of which is described as plaintiff's prima facie case. *Texas Depart. of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Askin v. Firestone Tire & Rubber Co.*, 600 F. Supp. 751, 753-54 (E.D. Ky. 1985), *aff'd without opinion*, 785 F.2d 307 (6th Cir. 1986).

4

Plaintiff may establish a prima facie case by showing that: (1) he belongs to a protected class; (2) he was qualified for the job; (3) he was subjected to an adverse employment action; and (4) a similarly situated worker not in a protected class was treated more favorably. *Tally v. Bravo Pitino Rest, Ltd., 61 F.3d 1241, 1246 (6th Cir. 1995). See also International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335-36 n.15 (1977): *Shah v. General Electric*, 816 F.2d 264, 267 (6th Cir. 1987); *Beaven v. Commonwealth of Kentucky*, 783 F.2d 672, 675-76 (6th Cir. 1986).

The establishment of a prima facie case permits the "'inference of discrimination . . . because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Shah*, 816 F.2d at 268 (quoting *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978)). Thus, by establishing a prima facie case, plaintiff creates a rebuttable presumption that defendant unlawfully discriminated against him. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). This presumption is a procedural device that temporarily ceases plaintiff's burden of producing evidence.

Once Plaintiff establishes a prima facie case, the burden of going forward shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its action. *Board of Trustees v. Sweeney*, 439 U.S. 24 (1978); *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987), *cert. denied*, 108 S. Ct. 1032 (1988). The ultimate burden of persuasion never shifts from Plaintiff. *Wrenn*, 808 F.2d at 501. Defendant need not persuade the court it was actually motivated by nondiscriminatory reasons. If Defendant's evidence raises a genuine issue of fact as to whether it intentionally retaliated against Plaintiff, Defendant has satisfied its burden of going forward. *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711 (1983); *Wrenn*, 808 F.2d at 501.

Where Defendant articulates a legitimate reason for its action, the presumption of discrimination "drops from the case," *Burdine*, 450 U.S. at 255, n.10, "and the factual inquiry proceeds to a new level of specificity." *Id.* at 255. *See also Aikens,* 460 U.S. at 714-15. Although the presumption of discrimination, as a procedural device, drops from the case at this point, a permissible inference of discrimination may still be drawn by the trier of fact from the evidence introduced in Plaintiff's case-in-chief. *Askin*, 600 F. Supp. at 754, 755.

5

Moreover, once Defendant articulates a legitimate reason for its action, Plaintiff must prove intentional discrimination, i.e; that Defendant treated Plaintiff in a manner which, but for his race, would have been different. *Aikens,* 460 U.S. at 715; *Los Angeles Department of Water & Power v. Manhart*, 435 U.S. 702, 711 (1978); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507-508 (1993). Plaintiff "may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine,* 450 U.S. at 256; *Wrenn*, 808 F.2d at 501. "In short, the district court must decide which party's explanation of the employer's motivation it believes." *Aikens,* 460 U.S. at 716.

In the present case, Plaintiff fails to establish a prima facie case of discrimination. While Plaintiff can establish that he is a member of a protected class, he cannot meet the other elements of his prima facie case.

It is undisputed that Plaintiff was not qualified to remain at Engine Company 17. Plaintiff testified that he voluntarily withdrew from Paramedic training and never formally re-applied. (Puls Dep. at pp. 26-27). According to the 2003-2005 Labor-Management Agreement, "[m]embers may forfeit their position on a Paramedic Engine company and may be subject to automatic transfer if they fail to qualify for, are no longer a member in good standing of, or do not complete the course and present State of Ohio paramedic certification to the Fire Chief. . . ." (Doc. 7, Ex 1, at p. 33). Plaintiff does not dispute that he does not meet these qualifications.

Additionally, Plaintiff has failed to establish he has suffered an adverse employment action. In order to show that he suffered an adverse employment action, plaintiff must demonstrate that Defendant's actions about which he complains were a "materially adverse" change in the terms of his employment *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 885 (6th Cir. 1996). Generally, reassignments without salary or work hour changes do not ordinarily constitute adverse employments decisions. *Id.* (citing *Yates v. Avco Corp.*, 819 F.2d 630, 638 (6th Cir. 1987)). To determine whether an employment action is adverse, the Court may consider factors such as whether plaintiff was subject to termination of employment, or a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation. *Id.* at 886. Moreover, a change in employment conditions must be more disruptive than

6

a mere inconvenience or an alteration of job responsibilities. *Id.* (referring with approval to *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)). When pay and benefits remain the same, generally a change in job title or a "bruised ego" are not enough to support a claim of adverse action. *Id.* at 885-86. *See also Vannoy v. OCSEA Local 11*, —F. Supp.2d—, 1999 WL 101237, *4 (S.D. Ohio Feb. 23, 1999)(Marbley, J.). In this case, Plaintiff admits that he is still employed, receiving the same salary and benefits. While he was initially transferred to less desirable locations, he is currently assigned to an District 2 Engine Company which is on the western side of Cincinnati where Plaintiff grew up, currently resides, and with which he is most familiar. (Puls Dep. at 4, 34).

     Finally, Plaintiff fails to show that other similarly situated employees have been treated more favorably. To be considered similarly situated, the employees with which Plaintiff seeks to compare himself must be "similarly situated in all relevant aspects." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir. 1992). However, it is not required that the class of similarly situated employees be in identical employment positions. *Noland*, 869 F. Supp. 529, 531 (N.D. Ohio 1994); *see also Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344 (6th Cir. 1998). It is enough to show that other employees had substantially similar duties and responsibilities, reported to the same supervisor or supervisors, and engaged in comparably similar conduct. *Noland,* 869 F. Supp. at 531; *see also Mitchell*, 964 F.2d at 583 n.5. Plaintiff references one employee who, while not a paramedic or enrolled in paramedic training, was not required to transfer from their Paramedic Engine Company. This employee, however, is a Captain. While both ranking officers are apparently supervisory personnel, with apparently similar duties and responsibilities, no evidence has been submitted by Plaintiff establishing the duties of Lieutenant versus Captains. The most obvious difference to the Court is that of rank and with rank "comes privilege." It is undisputed that Captains outrank Lieutenants. More importantly though, is the fact that Plaintiff has failed to identify any Lieutenant, outside his protected class, who was not certified as a paramedic and not enrolled in paramedic training, who was treated more favorably than he. Additionally, even if the Court were to treat the identified Captain as a comparable, Plaintiff is unable to identify any paramedic trained Captains apart from training administration who are available for assignment to an Engine Company. (Puls Dep. at p. 90). Defendant has argued that, to replace Captain Cleveland, Plaintiff's alleged comparable, the department would be required to remove one of the two existing Captains from their administrative training obligations.

As such, assuming Plaintiff was able to establish a prima facie case, Defendant has offered a legitimate non-discriminatory reason for their decision to allow Captain Cleveland to remain at his Engine Company. Plaintiff, however, has offered no evidence showing that Defendant's offered explanation is unworthy of credence.

For the reasons stated above, we find that Plaintiff has failed to establish a prima facie case of discrimination. As such, we find that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law with respect to Plaintiff's claim of race discrimination.

<u>Plaintiff Has Failed to Establish a Prima Facie Case of Retaliation</u>

Plaintiff also brings a claim for retaliation. In order to establish a *prima facie* case of retaliation, Plaintiff must prove the following:(1) that he engaged in a protected activity; (2) that the defendant was aware of the plaintiff's participation in the protected activity; (3) that the plaintiff suffered an adverse action or was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) that there is a causal connection between the protected activity and the adverse action or harassment. *Canitia v. Yellow System, Inc.,* 903 F.2d 1064, 1066 (6th Cir.) *cert. denied* 489 U.S. 984, (1990); *see also Morris v. Oldham County Fiscal Court*, 201 F.3d 784, at 192 (6th Cir. 2000); Wren v. Gould, 808 F.2d 493 (6th Cir. 1987); *West v. Fred Wright Construction Co.,* 756 F.2d 31 (6th Cir. 1985). Protected activity consists of opposing any practice made unlawful by Title VII, making a charge, testifying, assisting, or participating in any manner in a Title VII investigation, proceeding or hearing. 42 U.S.C. § 2000e-3(a).

In the present case, Plaintiff's protected activity consisted of filing a complaint with the EEOC on May 1, 2003. (Doc. 1, Complaint, EEOC Charge of Discrimination, attached). The actions which Plaintiff alleges to be retaliatory in his EEOC charge, namely his transfers to other undesirable Engine Companies, predate the filing of his EEOC complaint. Moreover, Plaintiff testified that the retaliation he feels he suffered was a result of his filing a grievance under the Labor-Management Agreement protesting the manner of his 2001 transfer. (Puls Dep. at pp. 80-81). As such, Plaintiff cannot establish the first element of his prima facie case.

Moreover, as discussed *supra* at pp. 6-7, Plaintiff failed to establish that he

8

suffered an adverse employment action as a result of his administrative transfers.[3] As such, he cannot establish the third element of his prima facie case. Likewise, in light of the timing of Plaintiff's EEOC charge, Plaintiff cannot establish a causal connection between the alleged retaliatory actions and said filing.

For the reasons stated above, Plaintiff has failed to establish a prima facie case of retaliation. As such, we find that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law with respect to Plaintiff's claim of retaliation.

<u>There is No Claim for Liability Pursuant to 42 U.S.C. §§ 1981 & 1983 Before the Court</u>

In Plaintiff's Motion for Summary Judgment, Plaintiff states that one of the issues to be determined is whether he is "entitled as a matter of law to summary judgment on liability against defendants acting in their official capacity, for violating 42 U.S.C. §§ 1981 and 1983." (Doc. 7). Plaintiff's Complaint contains no claims for violations of 42 U.S.C. §§ 1981 and 1983. Accordingly, the Court will not entertain any arguments pertaining to such and Plaintiff's Motion for Summary Judgment with respect to such claims is denied.

**IT IS THEREFORE ORDERED THAT**

1) Plaintiff's Motion for Summary Judgment (Doc. 7) be DENIED.

2) Defendant's Motion for Summary Judgment (Doc. 29) be GRANTED.

3) This Case be TERMINATED on the Court's Docket.

---

[3] Plaintiff attempts to argue that he suffered retaliatory action with respect to his status as IWP. However, Plaintiff's EEOC charge referred only to his transfers as retaliatory and to no other conduct on the part of Defendant. Therefore, Plaintiff has failed to exhaust his administrative remedies with respect to these allegations and Plaintiff is barred from bringing such a claim before the Court at this time. *Jones v. Cassens Transport*, 748 F.2d 1083, 1086 (6th Cir. 1984); *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987); *Smith v. Kaldor*, 869 F.2d 999, 1008 (6th Cir. 1989); *see also Knafel v. Pepsi-Cola Bottlers*, 899 F.2d 1473, 1480-81 (6th Cir. 1990).

9

Date:   4/26/2005               s/Timothy S. Hogan
                                                           Timothy S. Hogan
                                                           United States Magistrate Judge

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Michael A. Puls<br>1031 Bandanna Dr.<br>Cinti, OH 45238 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7004 0750 0003 9306 0158 |
| PS Form 3811, August 2001 | Domestic Return Receipt     102595-02-M-1540 |

1:03cv705 doc.#41